UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTEO ROMANO,                    :    CIVIL NO. 1:06-CV-0933
                                  :
            Petitioner            :    (Judge Caldwell)
       v.                         :
                                  :    (Magistrate Judge Smyser)
U.S. PAROLE COMMISSION,           :
                                  :
            Respondent            :

## REPORT AND RECOMMENDATION

On May 5, 2006, the petitioner, a federal prisoner
proceeding *pro se,* filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241.  Also on May 5, 2006, the
petitioner filed a motion for the appointment of counsel and
motion to expedite the decision on his petition.[1]

By an Order dated May 16, 2006, the respondent was
ordered to show cause on or before June 5, 2006 why the
petitioner should not be granted habeas corpus relief.  The
Order of May 16, 2006, also provided that the petitioner may
file a reply to the respondents' response within ten days of the
filing of the response.  The respondents filed a response to the
petition on June 5, 2006.  The petitioner filed a reply on June
20, 2006.

_____

[1] By a separate order, the petitioner's motion for the
appointment of counsel and the petitioner's motion to expedite have
been denied.

The following facts are not in dispute.  On September 14, 1982, the petitioner was sentenced by the United States District Court for the Eastern District of New York to a term of imprisonment of ten years for violation of narcotics laws. *Doc. 13* at Exhibit 1.  The petitioner was paroled on June 25, 1986 with a total of 2192 days remaining on his sentence. *Doc. 13, Exhibit 2.*  The petitioner was to remain on parole until June 25, 1992. *Id.*

In 1988, the petitioner was arrested by federal authorities on new criminal charges. *See Doc. 13, Exhibit 3.*

On May 7, 1991, in view of the pending federal charges against him, the petitioner waived his right to a hearing on the issue of early termination of his parole pursuant to 18 U.S.C.S. § 4211 and agreed to continue parole supervision until his next parole review date scheduled prior to his parole termination date of June 25, 1992. *Doc. 13, Exhibit 4.*

On June 15, 1992, the United States Parole Commission (Commission) issued a parole violation warrant for the petitioner. *Doc. 13, Exhibit 6.*  The warrant application charged the petitioner with conspiracy to traffic narcotics and involvement in a racketeering enterprise based on the federal charges brought against the petitioner as a result of his arrest

in 1988. *Doc. 13, Exhibit 5.*  The warrant and warrant application were sent to the United States Marshal. *Doc. 13, Exhibit 7.*  The Marshal, however, was informed that the petitioner was awaiting trial or sentencing on new charges and the Marshal was instructed to hold the warrant in abeyance until further instructions from the Commission. *Id.*

On April 7, 1995, the petitioner was sentenced by the United States District Court for the Southern District of New York to 188 months incarceration and three years supervised release for racketeering and racketeering conspiracy. *Doc. 13, Exhibit 8.*

On July 28, 1995, the Commission supplemented its warrant application of June 15, 1992 by adding the following: "Reference Charge No. 1a. Racketeering Conspiracy b. Racketeering enterprise - On or about 4/13/95, subject was convicted in US District Court S/NY for the above-cited offense(s) which occurred on or about 1975 until 12/1/88. Subject was sentenced to 188 months on each on [sic] charges 1a and 1b to run concurrent.  Information contained in the judgment and commitment order dated 4/13/95.  This charge is based on information contained in the letter dated 7/3/95 from USPO Zaccheo." *Doc. 13, Exhibit 9.*

By a letter dated August 2, 1995, the Commission sent
copies of its warrant, warrant application and warrant
supplement to the Warden of the United States Penitentiary at
Lewisburg, where the petitioner was serving his federal
sentence. *Doc. 13, Exhibit 10.*  The Warden was directed to place
the warrant as a detainer and to provide the petitioner with a
copy of the warrant application. *Id.*

By a Notice of Action dated September 2, 1998, the
Commission decided to let the detainer stand. *Doc. 13, Exhibit
11.*

At the time he filed this habeas case, the petitioner
was serving the 188 month sentence imposed by the United States
District Court for the Southern District of New York in 1995 at
the United States Penitentiary at Allenwood.  His projected
release date was June 5, 2006. *Doc. 13, Exhibit 12.*

The Sentencing Reform Act (SRA) of 1984 provided for the
total revamping of sentencing procedures in the federal system.
*Walden v. U.S. Parole Comm'n*, 114 F.3d 1136, 1138 (11th Cir.
1997).  It replaced a system of indeterminate sentences and the
possibility of parole with determinate sentences and no parole.
*Id.*  "Inasmuch as there will be no parole for those convicted
after the effective date of the SRA, the Act abolishes the

4

Parole Commission, and repeals most of the pre-existing statutory framework governing parole of federal prisoners." *Id*. Section 235 of the SRA (set out as note to 18 U.S.C. § 3551), however, "saves" the Commission and the parole statutes for a period of time during which the transition to the new system will occur. *Id.*  The parole transition sections apply to offenses committed before the SRA's effective date. *Lyons v. Mendez*, 303 F.3d 285, 288 (3d Cir. 2002).  Section 235(b)(1), as originally enacted, provided that the Commission and parole laws were to remain in effect for five years after the effective date of the SRA. *Id*. "The Parole Commission and all laws relating to parole in existence on October 31, 1987, therefore, were to continue in effect until November 1, 1992." *Id*.  The five year savings provision was later extended to ten years in the Judicial Improvements Act of 1990, Pub.L. 101-650, Title III, §316, Dec. 1990, 104 Stat. 5115.  The ten year period was extended to fifteen years in the Parole Commission Phaseout Act of 1996, Pub.L. 104-232, Oct. 2, 1996, 110 Stat. 3055. Pursuant to Pub.L. 107-273, §11017, the fifteen year period was extended to eighteen years.  Pursuant to Pub.L. 109-76, § 2, the eighteen year period was extended to twenty-one years.

The petitioner claims that the Commission violated his due process rights by failing to comply with its own regulations and by acting outside the scope of its discretion.

5

The petitioner claims that the Commission failed to comply with 28 C.F.R. § 2.43 by failing to either terminate his parole early on June 25, 1991 or hold a hearing on the early termination of his parole.  This claim is without merit given that on May 7, 1991, the petitioner waived his right to a hearing on the issue of early termination of his parole. *Doc. 13, Exhibit 4.*

The petitioner claims that the Commission abused its discretion by waiting until ten days before his parole expired to issue its warrant.

28 C.F.R. § 2.44(b) relates to the timing of issuance of a summons or warrant by the Commission and provides:

> Any summons or warrant under this section shall be issued as soon a practicable after the alleged violation is reported to the Commission, except when delay is deemed necessary.  Issuance of a summons or warrant may be withheld until the frequency or seriousness of violations, in the opinion of the Commission, requires such issuance.  In the case of any parolee charged with a criminal offense and awaiting disposition of the charge, issuance of a summons or warrant may be withheld, a warrant may be issued and held in abeyance, or a warrant may be issued and a detainer may be placed.

In the instant case, the petitioner was arrested on new federal charges in 1988.  Given the pendency of those charges,

6

the Commission did not abuse its discretion in waiting to issue its warrant.

The petitioner claims that the Commission abused its discretion by issuing the supplement to its warrant in 1995. The petitioner contends that the supplement was issued three years after his parole had expired.

The parole warrant was issued within the term of the petitioner's original sentence, and issuance of the warrant stopped the running of the petitioner's original sentence. *See* 28 C.F.R. § 2.44(d) ("The issue of a warrant under this section operates to bar the expiration of the parolee's sentence."); *Zerbst v. Kidwell*, 304 U.S. 359, 361 (1938)("When respondent committed a federal crime while on parole, for which he was arrested, convicted, sentenced, and imprisoned, not only was his parole violated, but service of his original sentence was interrupted and suspended."); *Boswell v. Parker*, 262 F.Supp. 559, 561 (M.D.Pa. 1967)("It has been stated that: 'the law is well settled that a warrant issued within the maximum term of the original sentence may be served after the parol violator has served a second sentence imposed while he was on parole . . . . This is so even though the warrant is not served until after the expiration of the maximum term in which it could be issued.'"). Thus, the petitioner's original sentence and his parole on that

7

sentence did not expire three years before the warrant
supplement was issued.

The initial warrant application had charged the
petitioner with participating in a racketeering enterprise on
the basis of his 1988 arrest.  The warrant supplement merely
indicated that the petitioner had been convicted of the
racketeering charges stemming from his 1988 arrest.  "A
supplement to a lawfully issued parole violation warrant 'is not
prohibited when it merely records the disposition of proceedings
related to the very conduct that gave rise to the warrant
itself.'" *D'Amato v. United States Parole Comm'n,* 837 F.2d 72,
77 (2nd Cir. 1988)(quoting *Rhodes v. United States Parole
Comm'n,* 456 F.Supp. 17, 22 (D.Conn. 1977)).  The Commission did
not abuse its discretion by issuing the supplement to its
warrant in 1995.

The petitioner claims that when the Commission lodged
the warrant as a detainer it failed to give him notice of its
review of the detainer and of the right to request counsel.

18 U.S.C.S. § 4214(b)(1) provides that in cases in which
a parolee has been convicted of a criminal offense subsequent to
release on parole and is serving a new sentence in an
institution a parole revocation warrant may be placed against

8

the parolee as a detainer.  Section 4214(b)(1) further provides
that such a detainer shall be reviewed by the Commission within
180 days of notification to the Commission of the placement of
the detainer.  Section 4214(b)(1) further provides that "[t]he
parolee shall receive notice of the pending review, have an
opportunity to submit a written application containing
information relative to the disposition of the detainer, and,
unless waived, shall have counsel as provided in subsection
(a)(2)(B) of this section to assist him in the preparation of
such application."

It is clear that the petitioner was given notice that
the warrant was lodged as a detainer. *See Doc. 1 at p. 4 ("On
August 18, 1995, Bureau of Prisons officials presented
Petitioner with a "Detainer Action Letter" notifying him that
the parole violator warrant which had been issued in June of
1992 was lodged as a detainer against him."*  The petitioner
contends, however, that he was not given notice of the
Commission's review of the detainer and that counsel was not
appointed to counsel and represent him in the process of that
review.

In order to be entitled to habeas corpus relief on the
basis of lack of notice or lack of counsel with regard to the
Commission's review of the detainer, the petitioner must

demonstrate that he was prejudiced by such lack of notice or lack of counsel. *See generally, Butler v. United States Parole Comm'n,* 570 F.Supp. 67, 73 (M.D.Pa. 1983)("Even if the petitioner could establish his entitlement to notice by relying upon the statements in the detainer form, he would also be required to demonstrate that he was prejudiced by the delay in receiving notice before he could obtain habeas corpus relief.").

The petitioner has not argued or shown that he was prejudiced by any lack of notice of the Commission's review of its detainer or the lack of appointment of counsel with respect to that review in 1998.  Thus, the petitioner is not entitled to habeas corpus relief on his claim that he was not given notice of the Commission's review of the detainer nor the appointment of counsel with regard to the review.

The petitioner claims that the Commission unreasonably failed to execute its warrant and hold a revocation hearing.

Instead of immediately executing a warrant, the Commission may lodge the warrant as a detainer when the parolee is imprisoned on new criminal charges. 18 U.S.C.S. § 4214(b)(1). The Commission may decide to let the warrant stand as a detainer until the parolee has served his new sentence. 28 C.F.R. § 2.47.

A parolee is entitled to a timely revocation hearing after he is taken into custody on a parole warrant. *See Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). A parolee, however, is not entitled to a parole revocation hearing until after the warrant is executed. *Moody v. Daggett*, 429 U.S. 78 (1976)(holding that the issuance of a parole violator warrant does not deprive a parolee of any constitutionally protected rights and there is no constitutional duty to provide a parole revocation hearing until after the warrant is executed).

At the time the petitioner filed this habeas case, he was serving the 188 month sentence imposed by the United States District Court for the Southern District of New York in 1995. Since he was still serving that sentence and the Commission's warrant had not been executed, the petitioner was not entitled to a revocation hearing.[2]  Thus, the petitioner's claim that the Commission unreasonably failed to execute its warrant and hold a revocation hearing is without merit.

---

[2] Since the petitioner's projected release date was June 5, 2006, we assume that the Commission's warrant was executed on or about June 5, 2006 and that the petitioner will be scheduled for revocation hearing.

Based on the foregoing, it is recommended that the
petition for a writ of habeas corpus be denied and that the case
file be closed.

                                        _/s/ J. Andrew Smyser_
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  July 5, 2006.