IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTEO ROMANO,<br>    Petitioner<br><br>     vs.<br><br>U.S. PAROLE COMMISSION,<br>    Respondent | :<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 1:06-CV-0933<br>:         (Judge Caldwell)<br>:    (Magistrate Judge Smyser<br>:<br>: |

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Based on a decision by the United States Parole Commission (Commission), Petitioner is subject to a detainer for having violated parole.  He has filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that decision.  We are considering his Objections to the Report of the United States Magistrate Judge which recommends that we deny the petition.  Petitioner's first objection is that the Commission did not issue the parole violation warrant in a timely manner.  Petitioner's second objection is that the Commission exceeded its authority by improperly supplementing the parole violation warrant.  We adopt the Report and dismiss the petition.

On September 14, 1982, Petitioner was sentenced to ten years' imprisonment by the United States District Court for the Southern District of New York for violation of federal narcotics

laws.  Petitioner was paroled on June 25, 1986, but was arrested on March 31, 1988, during his parole period for conspiracy to traffic narcotics and participation in a racketeering enterprise.

In response to Petitioner's 1988 arrest while on parole, the Commission issued a parole violation warrant on June 15, 1992, and instructed the United States Marshal to hold the warrant in abeyance.  Petitioner's parole period for the 1982 conviction would have expired on June 25, 1992.  On July 28, 1995, the Commission supplemented the parole violation warrant to reflect Petitioner's conviction for the conduct that led to the warrant.  Upon Petitioner's conviction for the new charges, the Commission sent the warrant to the Warden at Petitioner's place of incarceration and directed the Warden to lodge the warrant as a detainer.

Petitioner's first objection is that the Commission abused its discretion in issuing the parole violation warrant on June 15, 1992, ten days prior to the expiration of the parole period for his 1982 narcotics conviction.  Petitioner argues that the Commission failed to issue the parole violation warrant "as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary" pursuant to 18 U.S.C. § 4213(b).  We reject Petitioner's claim.

As noted by the Magistrate Judge's Report, 28 C.F.R. § 2.44(b) provides: "In the case of any parolee charged with a

criminal offense and awaiting disposition of the charge, issuance of a summons or warrant may be withheld, a warrant may be issued and held in abeyance, or a warrant may be issued and a detainer may be placed." Here the Commission, pursuant to 28 C.F.R. § 2.44(b), properly withheld issuance of the parole violation warrant and, after issuing it, instructed the U.S. Marshal to hold it in abeyance while Petitioner awaited disposition of the new offenses. Upon Petitioner's conviction, the Commission lodged the warrant as a detainer while Petitioner completed his original sentence. (doc. 13, ex. 10).

Petitioner's second objection relates to the Commission's July 28, 1995, supplement to the parole violation warrant. First, Petitioner claims that the Commission lacked the authority to supplement the warrant because the supplement occurred three years after the expiration of the maximum term for his 1982 criminal conviction. (doc. 2, p. 4). Second, Petitioner claims that the Commission's supplement contained charges different from those included in the parole violation warrant. *Id.* We reject both arguments.

The Commission retained authority to supplement Petitioner's parole violation warrant because the Commission issued the warrant prior to the expiration of Petitioner's original conviction date. As noted by the Magistrate's Report, issuance of the warrant at that time barred expiration of Petitioner's original sentence pursuant to C.F.R. § 2.44(d).

3

(doc. 15, p. 7-8).  Therefore, the Commission issued the warrant supplement in a timely manner.

Second, the content of the Commission's supplement to the warrant was permissible.  The parole violation warrant included charges against Petitioner for "Conspiracy to Traffic Narcotics" and "Racketeering Enterprise."  (doc. 13, ex. 5). The supplement noted that Petitioner was convicted of "Racketeering Conspiracy" and "Racketeering Enterprise."  (doc. 13, ex. 9).

As noted by the Magistrate's Report, "A supplement to a lawfully issued parole violation warrant 'is not prohibited when it merely records the disposition of proceedings related to the very conduct that gave rise to the warrant itself.'" (doc. 15, p. 8) (citing *D'Amato v. U.S. Parole Comm'n*, 837 F.2d 72, 77 (2d Cir. 1988).  We reject Petitioner's contention that the inclusion of a new charge in the supplement to reflect charges in the superseding indictment was an improper basis for the Commission to supplement Petitioner's parole violator warrant. (doc. 17, p. 2).  The supplement to the parole violator warrant reflects "the disposition of proceedings related to the very conduct that gave rise to the warrant itself."  (doc. 15, p.

8)(citing *D'Amato* 837 F.2d at 77).[1]  Petitioner's conviction for racketeering and racketeering conspiracy was the result of the same conduct underlying the issuance of the parole violation warrant for conspiracy to traffic narcotics and racketeering enterprise.

AND NOW, this 5th day of September, 2006, upon consideration of the report (doc. 15) of the Magistrate Judge, filed July 5, 2006, and upon independent review of the record, it is ordered that:

    1.   The Magistrate's Report is adopted.

    2.   The petition for writ of habeas corpus is denied.

    3.   The Clerk of Court is directed to close this file.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge

---

[1] *D'Amato* distinguished cases where the charges included in the supplement to the parole violator warrant were "an attempt to introduce new acts, after the expiration of parole, in order to use them as a basis for a parole violation." *D'Amato*, 837 F.2d at 76-77.  Here, the supplement does not contain new, unrelated acts such as those in the cases distinguished by *D'Amato*.

5